## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| Savannah Bourbon Company, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | CIVIL ACTION NO. _____ |
| Savannah Seltzer LLC and Andrew Ryan Stafford, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

**COMES NOW** Savannah Bourbon Company, LLC ("Plaintiff") and sets forth its Complaint against Savannah Seltzer LLC and Andrew Ryan Stafford ("Defendants") as follows:

## JURISDICTION

1.   This is an action for trademark counterfeiting, trademark infringement, dilution, and unfair competition arising under the United States Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq*.; trademark infringement and unfair competition pursuant to the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 *et seq*; and trademark infringement pursuant to the common laws of Georgia.

2.   This Court has jurisdiction over all causes of action set forth herein pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a) and 1338(b), and the supplemental jurisdiction of this Court as provided in 28 U.S.C. § 1367.

3.   Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) and § 1391(c) because a substantial part of the events or omissions giving rise to these claims occurred in this district, because Defendants committed the acts referenced in this Complaint within the State of Georgia and within this judicial district and division, and/or because the Defendants are subject to the court's personal jurisdiction with respect to this action in this judicial district.

## THE PARTIES

4.   Plaintiff Savannah Bourbon Company, LLC is a Georgia limited liability company with its principal place of business at 3621 Vinings Slope, #2523, Atlanta, GA 30339.

5.   On information and belief, Defendant Savannah Seltzer LLC is a Georgia limited liability company with its principal place of business at 2062 Brightleaf Way, Marietta, GA 30060.

6.  On information and belief, Defendant Andrew Ryan Stafford is a resident of the state of Georgia with an address of 2062 Brightleaf Way, Marietta, GA 30060.

## RELEVANT FACTS

### PLAINTIFF'S TRADEMARKS

7.  Plaintiff sells distilled spirits in commerce in the United States including in Georgia.

8.  Since at least 2014, Plaintiff has advertised, offered for sale and sold distilled spirits under the name and mark SAVANNAH BOURBON COMPANY, SAVANNAH (and Design), and SAVANNAH (collectively the SAVANNAH Marks).

9.  Plaintiff began offering for sale and selling distilled spirits in commerce in the United States under the SAVANNAH Marks at least as early as 2014, and has used the SAVANNAH Marks mark continuously since that date.

10. Plaintiff is the owner of U.S. Trademark Registration No. 6181787 for the mark SAVANNAH (and Design) for "alcoholic beverages except beer; alcoholic beverages, namely, distilled spirits such as whiskey, bourbon, gin and vodka." A true and correct copy of the Certificate of Registration is attached as Exhibit A.

3

11. As a result of Plaintiff's extensive advertising, promotion, and sale of distilled spirits under the SAVANNAH Marks, Plaintiff has developed considerable goodwill in these marks. Plaintiff has acquired secondary meaning in the term SAVANNAH such that relevant consumers in Georgia recognize the term SAVANNAH as an indicator of source for Plaintiff's goods.

12. Plaintiff acquired goodwill and secondary meaning in SAVANNAH prior to Defendants first sale of goods bearing the SAVANNAH SELTZER Mark in commerce.

13. Plaintiff has used its SAVANNAH Marks continuously since 2014, uses the mark in interstate commerce in the United States, and has not abandoned the mark.

## DEFENDANTS INFRINGING CONDUCT

14. On information and belief, Defendants are advertising, promoting, and preparing to offer for sale and sell a vodka-based hard seltzer under the mark SAVANNHA SELTZER in Georgia.

15. On information and belief, Defendants intend to begin selling their vodka-based hard seltzer beginning in early 2022.

16. On information and belief, Defendants are currently advertising, offering for sale and selling collateral merchandise bearing the mark

SAVANNAH SELTZER in commerce in the United States and in Georgia, such as can coolers and apparel.

17. Plaintiff has not authorized Defendants to use SAVANNAH in connection with a vodka-based hard seltzer or any other alcoholic beverages.

18. Defendants' proposed use of SAVANNAH SELTZER for its vodka-based hard seltzer is likely to cause consumer confusion with Plaintiff's well-known SAVANNAH Mark.

19.    Plaintiff sent a demand letter to Defendants on October 27, 2021, informing Defendants of Plaintiff's prior use and registration of its SAVANNAH Marks for distilled spirits.

20. In respond to the demand letter, Defendants refused to stop using the mark SAVANNAH SELTZER Mark.

21. Defendants continued advertising and promotion of vodka-based hard seltzer under the name SAVANNAH SELTZER constitutes willful trademark infringement of Plaintiff's trademark rights.

22. On information and belief, Defendant Andrew Ryan Stafford is a member and/or officer of Defendant Savannah Seltzer LLC and/or has the right and ability to control the aforementioned conduct by Defendant Savannah Seltzer LLC.

5

## COUNT I.

## INFRINGEMENT OF A REGISTERED TRADEMARK
## IN VIOLATION OF 15 U.S.C. § 1114

23.  Paragraphs 1-23 are realleged and incorporated herein by reference.

24.  Defendants unauthorized use of SAVANNAH SELTZER as a mark in commerce is likely to cause confusion, or to cause mistake, or to deceive, and is likely to cause purchasers and potential purchasers to falsely believe that Defendants' goods are sponsored by, approved by, or affiliated with Plaintiff.

25.  Defendants' SAVANNAH SELTZER Mark is confusingly similar to the Plaintiff's registered SAVANNAH Mark, and the unauthorized use of SAVANNAH SELTZER by Defendants in commerce is likely to cause damage and other irreparable injury to Plaintiff unless such use is enjoined by this Court, Plaintiff having no adequate remedy at law.

26.  Defendants' use of marks in commerce that are confusingly similar to Plaintiff's registered SAVANNAH Mark is an infringement of Plaintiff's rights in and to its federally registered SAVANNAH Mark in violation of 15 U.S.C. § 1114.

27.  Upon information and belief, Defendants' aforesaid acts have been and are being committed with the knowledge that such acts are likely to cause confusion, or to cause mistake, or to deceive. Defendants' acts are therefore

intentional, willful, and are maliciously calculated to cause confusion, to cause mistake, or to deceive. As such, this is an exceptional case.

28. In accordance with 15 U.S.C. § 1117, Plaintiff is entitled to recover from Defendants, jointly and severally: (1) their profits, (2) any damages sustained by Plaintiff, and (3) the costs of the instant action. Further, based upon the nature of Defendants' violation of Plaintiff's trademark rights, Plaintiff is entitled to reasonable attorney's fees and the trebling of such profits or damages.

29. Plaintiff has been or is likely to be irreparably damaged by Defendants' use of an infringing mark in the United States, and will continue to be irreparably damaged unless permanently enjoined by this Court.

## COUNT II.

### FEDERAL UNFAIR COMPETITION
### IN VIOLATION OF 15 U.S.C. § 1125(A)

30. Paragraphs 1-23 are realleged and incorporated herein by reference.

31. In marketing and offering to sell its vodka-based seltzers in commerce in the United States under the SAVANNAH SELTZER Mark, Defendants have used in connection with its goods a false designation of origin that is likely to cause confusion, to cause mistake, or to deceive others to believe that Defendants' goods are sponsored by, approved by, originate with, or are affiliated with Plaintiff. Defendants intend to offer their goods for sale in

interstate commerce with knowledge of such false designation of origin or description or representation.

32. Defendants are willfully promoting in commerce their goods in a manner so as to falsely designate an origin or an association with Plaintiff, with Plaintiff's SAVANNAH Marks, and with Plaintiff's goods, so as to be likely to cause confusion or mistake among purchasers as to the true origin, source, sponsorship, or affiliation of Defendants' goods, all to Defendants' profit and to Plaintiff's damage.

33. Plaintiff has been and/or will be irreparably damaged by the use of such false designation and/or representation, and will continue to be irreparably damaged unless Defendants are enjoined by this Court, Plaintiff having no adequate remedy at law.

34. Defendants have intentionally traded upon the goodwill established by Plaintiff through Defendants' advertising of their goods under the SAVANNAH SELTZER Mark in interstate commerce, and Defendants intend to intentionally trade upon the goodwill established by Plaintiff through the sale of their goods under the SAVANNAH SELTZER Mark in interstate commerce.

35. Defendants' acts constitute unfair competition, false designation of origin, and false description in violation of 15 U.S.C. § 1125(a).

36.  In accordance with 15 U.S.C. § 1117, Plaintiff is entitled to recover from Defendants: (1) their profits, (2) any damages sustained by Plaintiff, and (3) the costs of the instant action. Further, based upon the willful nature of Defendants' violation of Plaintiff's trademark rights, Plaintiff is entitled to reasonable attorney's fees and the trebling of such profits or damages.

## COUNT III.

## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

37.  Paragraphs 1-23 are realleged and incorporated herein by reference.

38. As a result of the relevant consuming public's association of the SAVANNAH Marks with Plaintiff, Defendants' use of a confusingly similar mark in connection with their goods, which are the same as or are competitive with the goods of Plaintiff, is likely to cause confusion, to cause mistake, and to deceive.

39. Defendants are preparing to offer their goods for sale with full knowledge of Plaintiff's SAVANNAH Marks. This offering of their goods is for the willful and calculated purpose of trading on the goodwill and business reputation of Plaintiff as embodied in and symbolized by the SAVANNAH Marks.

40. Defendants have promoted and offered for sale their goods in such a manner as to suggest an association, affiliation, or sponsorship with, or approval

by Plaintiff, so as to cause, or likely cause, confusion or mistake among relevant purchasers as to the origin or sponsorship of Defendants' goods, all to Defendants' profit and to Plaintiff's damage.

41. The aforesaid conduct of Defendants constitutes infringement of Plaintiff's common law rights in and to the SAVANNAH Marks, and further constitutes common law unfair competition, all of which has irreparably damaged and/or will irreparably damage Plaintiff, together with its goodwill and reputation, unless Defendants are enjoined and restrained by this Court, Plaintiff having no adequate remedy at law.

## COUNT IV.

### VIOLATION OF THE GEORGIA UNIFORM DECEPTIVE TRADE PRACTICES ACT, O.C.G.A. § 10-1-370

42. Paragraphs 1-23 are realleged and incorporated herein by reference.

43. Defendants, in the course of their business, have caused a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of their goods, in violation of O.C.G.A. § 10-1-372(a)(2).

44. Defendants, in the course of their business, have caused a likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification of their goods by another, in violation of O.C.G.A. § 10-1-372(a)(3).

45.  Defendants, in the course of their business, have represented that their goods have or will have sponsorship or approval that they do not have, in violation of O.C.G.A. § 10-1-372(a)(5).

46. Defendants, in the course of their business, have engaged in other conduct that creates a likelihood of confusion or of misunderstanding in violation of O.C.G.A. § 10-1-372(a)(12).

47. Defendants' actions demonstrate their willful and bad faith intent to harm Plaintiff's business and the goodwill and reputation of Plaintiff.

48. Defendants are likely to cause substantial injury to Plaintiff. Plaintiff has no adequate remedy at law and is entitled to permanent injunctive relief, costs and reasonable attorneys' fees pursuant to O.C.G.A. § 10-1-373.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for a judgment of the Court as follows:

1)      That Defendants, and those persons in active concert or participation with Defendants, be preliminarily and permanently enjoined and restrained from selling, offering or sale, or providing, advertising or promoting, and/or authorizing the advertising and/or sale of vodka-based hard seltzers or other alcoholic beverages under the SAVANNAH SELTZER Mark, or any other designation, trademark or service mark that is likely to cause confusion, mistake,

11

or deception as to the source or sponsorship of Defendants' goods, or from otherwise infringing Plaintiff's SAVANNAH Marks;

2)      That Defendants be directed to file with the Court and serve upon Plaintiff, no later than thirty (30) days after the issuance of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction of the immediately preceding paragraph and any other provision of this Court's Order.

3)      That an accounting be conducted and judgment be rendered against Defendants, jointly and severally, for:

   a) all profits received by Defendants from the sale of any goods under the SAVANNAH SELTZER Mark in the United States;

   b) all damages in an amount proven at trial from, *inter alia*, Defendants' trademark infringement, unfair competition, false designation of origin and false description or representation, pursuant to 15 U.S.C. § 1051 and O.C.G.A. § 10-1-373;

   c) any other actual and compensatory damages in an amount not presently known, but to be computed during the pendency of this action.

4)      That any profits or damages assessed against Defendants for trademark infringement and unfair competition be trebled as provided by 15 U.S.C. § 1117;

5)      That judgment be rendered against Defendants, jointly and severally, for monetary damages to be used for corrective advertising to be conducted by Plaintiff.

6)      That Plaintiff have and recover from Defendants, jointly and severally, its expenses in this suit, including but not limited to its reasonable attorneys' fees and expenses, recoverable under 15 U.S.C. § 1117(a) and O.C.G.A. § 10-1-373.

7)      That Plaintiff have such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted November 5, 2021.

THE SEIGEL LAW FIRM LLC

s/Mark L. Seigel
Mark L. Seigel
Georgia Bar No. 634617
1397 Carroll Dr NW
Atlanta, GA 30318
Main:  (770) 395-5920

13

Fax:  (770) 395-5921
seigel@addipvalue.com
***Attorneys for Plaintiff LabLynx, Inc.***